# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2010

No. 09-11133
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMMOTHY ALLEN LAKOSKY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:09-CR-26-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timmothy Allen Lakosky appeals the sentence imposed following his conviction for possession of stolen firearms and aiding and abetting. He contends that the district court erred in assessing a four-level enhancement that applies when a defendant has engaged in firearm trafficking. There was sufficient evidence to support the enhancement. We AFFIRM.

The enhancement at issue applies when "the defendant engaged in the trafficking of firearms." U.S.S.G. § 2K2.1(b)(5). An official note to this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement states that it is applicable when the defendant "[k]new or had reason to believe that such conduct would result in the . . . transfer . . . of a firearm to an individual . . . [w]ho intended to use or dispose of the firearm unlawfully." *Id.* app. n. 13(A)(ii).

Lakosky does not dispute that he provided two firearms to his co-conspirators, Jenene and Roger Conroy. He contends, though, that the evidence did not support the finding that the Conroys intended to trade the firearms for drugs or that Lakosky was aware of that purpose. This, however, was not his objection in the district court. Lakosky objected to the Section 2K2.1(b)(5) enhancement on a basis he has now abandoned. Consequently, the district court was not given an opportunity to consider the issue and address the evidentiary question. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007).

Our review of this newly raised objection is for plain error. *United States v. Salazar*, 542 F.3d 139, 147 (5th Cir. 2008). To satisfy this standard, there must be error, it must be plain, and it must affect the defendant's substantial rights. *Id.* Then, even if there is plain error, we will only exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 148 (citation omitted).

In applying this enhancement, the district court adopted the findings and analysis contained in Lakosky's presentence report (PSR) and PSR addendum. "[A] district court may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010) (quoting *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002)).

The evidentiary basis for the PSR in this case was adequate. The PSR was based on information obtained from the Indictment, the Factual Resume,

investigative reports prepared by law enforcement, as well as personal interviews with law enforcement agents. According to the PSR, "The defendant provided two pistols to Jenene Findley Conroy and Roger Conroy, both of whom were known users of methamphetamine and convicted felons, for the purpose of them trading or exchanging the weapons for methamphetamine and marijuana." Lakosky's PSR addendum did not contradict that statement. The PSR also indicates that the Conroys, who were Lakosky's co-conspirators, had previously exchanged one of the stolen weapons for methamphetamine in Lakosky's presence.

Lakosky did not offer evidence to rebut the PSR's finding that he gave the firearms to the Conroys with knowledge or reason to believe that they would use the firearms unlawfully. In the absence of such rebuttal evidence, we cannot conclude that it was plain error for the district court to apply the Section 2K2.1(b)(5) enhancement where the PSR provided adequate basis to do so.

AFFIRMED.